**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CR-20059**

UNITED STATES OF AMERICA,

     Plaintiff,

v.

CHENGZHE WANG,

     Defendant.

_____/

**MOTION TO DISMISS INDICMENT**

Defendant Chengzhe Wang moves under Federal Rule of Criminal Procedure 12(b)(1) to dismiss the Indictment because the one-count indictment charging him with making materially false statements under 18 U.S.C. § 1001 is void for vagueness under the Sixth Amendment.

**I.      INTRODUCTION**

The government is prosecuting Mr. Wang on allegedly false answers to fundamentally ambiguous questions that cannot support a conviction under 18 U.S.C. § 1001. The Indictment is one simple paragraph alleging that Mr. Wang "falsely represented that he had no connection to any foreign government and was not a member of any Chinese Communist Party organization[.]" Whether someone has a "connection" to "any foreign government" is a question susceptible to multiple interpretations. Similarly, whether someone is a member of a Chinese Communist Party "organization" can be interpreted in varied ways. Because these phrases can have different meanings, they are not sufficiently precise to allow a jury to assess whether Mr. Wang answered them truthfully or not. The jury would be left to speculate as to whether Mr. Wang understood the questions in the way the government intended them to be understood. The law in this Circuit is

clear that it is not appropriate for a jury to speculate on the meaning Mr. Wang attributed to any question; rather, the ambiguity requires dismissal of the Indictment.

## II.        LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(1) allows a party to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." A motion can be filed under Rule 12 "when it raises questions of law rather than fact." *United States v. Ali*, 556 F.3d 715, 719 (6th Cir. 2009) (citing *United States v. Levin*, 973 F.2d 463, 469 (6th Cir. 1992)). Whether the questions that support a false statement charge are fundamentally ambiguous is a question of law for the court to decide. *See United States v. Manapat*, 928 F.2d 1097, 1100-01 (11th Cir. 1991) (court determined "whether the application form was so fundamentally ambiguous as to preclude a conviction [under 18 U.S.C. § 1001] as a matter of law" ); *United States v. Lattimore*, 127 F. Supp. 405, 407-08, 413 (D.C. Cir. 1955) (dismissing perjury indictment because it was void for vagueness as a matter of law under the Sixth Amendment).

As the Eleventh Circuit held in *Manapat*, a false statement conviction cannot be based on fundamentally ambiguous questions. 928 F.2d at 1100-01. This is because a court "cannot allow juries to criminally convict a defendant based on their guess as to what the defendant was thinking at the time the response was made." *Id.* at 1101. "[A] question or phrase is ambiguous as a matter of law when it 'is not a phrase with a meaning about which men of ordinary intellect could agree, nor one which could be used with mutual understanding by a questioner and answerer unless it were defined at the time it were sought and offered as testimony." *Id.* (citing *Lattimore*, 127 F. Supp. at 410).

The Sixth Amendment requires that a defendant be informed as to every element for which he needs to prepare a defense. *Lattimore*, 127 F. Supp. at 411. But "[w]hen elements in an

indictment are so easily subject to divergent interpretation," the defendant is not sufficiently informed of the charge as to enable him to do so. *Id.* at 410. Thus, when the questions at issue in a false statement prosecution are "too ambiguous to allow a jury to speculate as to the defendant's intentions" at the time that he answered the questions, the indictment should be dismissed. *Manapat*, 928 F.2d at 1100-01.

### III.    ARGUMENT

The phrases "falsely represented that he had no connection to any foreign government" and "not a member of any Chinese Communist Party organization" have no meaning "about which men of ordinary intellect could agree, nor one which could be used with mutual understanding by a questioner and answerer . . . ." *Lattimore*, 127 F. Supp. at 410.  These vague phrases cannot support criminal charges.

Although the government does not frame the charge in the form of an answer and question, the language used in the Indictment reflects that Mr. Wang was asked (a) Do you have a "connection to any foreign government?" and (b) Are you "a member of any Chinese Communist Party organization?" And it reflects that he answered "No" to both questions.

But these questions are unclear because their words can have a myriad of meanings. For example, "connection" could be a reference to working for a foreign government, living in a foreign country, having family who serve as government officials, or something else. "Any foreign government" is also vague because it is unclear whether the "government" in question is foreign to Mr. Wang or to the United States and whether it includes or excludes China – Mr. Wang's country of birth and where he permanently resides with his family. China would not be a foreign government to Mr. Wang, but it would be to the United States and presumably to the officers interrogating him. And "Chinese Communist Party organization" is vague because it is unclear if

"organization" refers only to a state-recognized organization, whether it includes informal gatherings by groups of people, or even whether the "organization" needs to be recognized by the "Chinese Communist Party."

In *Manapat*, the Eleventh Circuit affirmed the dismissal of an 18 U.S.C. § 1001 indictment because the questions asked were fundamentally ambiguous as a matter of law. 928 F.2d at 1099. In so holding, the court noted the following quote from Judge Ely in the Ninth Circuit about the unfairness of convicting someone for providing a potentially false answer to a vague question:

> I do not think it proper to indict and prosecute an individual for perjury when the questions forming the basis of the charge are so vaguely and inarticulately phrased *by the interrogator* as to require the jury to probe the inner workings of the accused's mind to seek to ascertain which of several plausible meanings he attributed to the ambiguous inquiries when he gave the allegedly perjurious responses.

*Manapat*, 928 F.2d at 1099 (quoting *United States v. Cook*, 497 F.2d 753 (9th Cir. 1972) (Ely, J., dissenting) (emphasis in original), *majority opinion withdrawn by and dissenting opinion cited approvingly in*, 489 F.2d 286 (9th Cir. 1973). The Eleventh Circuit noted that the United States Supreme Court agreed with Judge Ely's reasoning in its *Bronston* decision. In *Bronston v. United States*, the Supreme Court pronounced that "[p]recise questioning is imperative as a predicate for the offense of perjury." 409 U.S. 352, 362 (1973). When questioning is imprecise it is fundamentally ambiguous and insufficient to support a criminal charge. *See United States v. Lighte*, 782 F.2d 367 (2d Cir. 1986) (reversing conviction where the use of the pronoun "you" rendered questions fundamentally ambiguous); *United States v. Ryan*, 828 F.2d 1010, 1017 (3d Cir. 1987) (reversing judgment finding that "previous address" is a fundamentally ambiguous term that cannot support a conviction under 18 U.S.C. § 1014 (false statements on loan and credit applications)).

False statement charges, therefore, must be based on answers to questions that are clearly worded and unambiguous. In *Manapat*, the defendant was charged under 18 U.S.C. § 1001 for making a materially false statement in an application for an Airman Medical Certificate that the defendant submitted to the Federal Aviation Administration. The defendant answered "No" to two questions asking for "Record of traffic convictions" and "Record of other convictions" even though the defendant had three prior convictions. These questions had been embedded in a section of the application with the heading "MEDICAL HISTORY" that asked the defendant to answer "Yes" or "No" to whether the defendant had suffered any of the listed "conditions." *Id.* at 1101.

In deciding whether the indictment was fundamentally ambiguous, the court first repeated the standard set forth in *Lattimore* that "a question or phrase is ambiguous as a matter of law when it 'is not a phrase with a meaning about which men of ordinary intellect could agree, nor one which could be used with mutual understanding by a questioner and answerer unless it were defined at the time it were sought and offered as testimony.'" *Id.* at 1100 (quoting *Lattimore*, 127 F. Supp. at 410). Then, the court quoted the following from *Lattimore*:

> This count, even with its apparent definition, is an open invitation to the jury to substitute, by conjecture, their understanding of the phrase for that of the defendant . . . . To ask twelve jurors to agree and then decide that the definition of the Communist line found in the indictment is the definition that defendant had in mind and denied believing in, is to ask the jury to aspire to levels of insight to which the ordinary person is incapable, and upon which speculation no criminal indictment should hinge.

*Id.* (quoting *Lattimore*, 127 F. Supp. at 410). "Find[ing] the reasoning in *Lattimore* useful in addressing [the defendant's] argument," the court explained that the positioning of questions regarding criminal convictions in a section of an application dealing with the applicant's medical history could cause an applicant to believe that the application "was asking for convictions somehow related to medical conditions." *Id.* Ultimately, the Court concluded that the overall

context in which the questions were posed rendered the questions too ambiguous to submit to a jury and affirmed the dismissal of the indictment. *Id.* at 1100-01.

The *Lattimore* court dismissed an indictment as void for vagueness, finding that the meaning of the phrase "follower of the Communist line" was not sufficiently ascertainable to sustain a perjury charge. 127 F. Supp. at 409. The indictment alleged that the defendant had testified falsely before the Senate Internal Security Subcommittee "when he denied that he was a 'follower of the Communist line.'" *Id.* at 406. In explaining why the count was void for vagueness, the court noted that the phrase is "subject to varying interpretations" and "has no universally accepted definition." *Id.* at 409.

Moreover, the *Lattimore* court explained that a bill of particulars could not cure the deficiency:

> We think the vagueness . . . cannot be cured by a bill of particulars. Details in support of a valid count can be supplied by a bill of particulars, but a count which is too vague to be valid cannot be made valid by such a bill. The prosecutor, in supplying the particulars, cannot guess at what was in the grand jury's mind or ascribe a meaning to a charge by the grand jury if that meaning is not apparent upon the fact [sic] of the indictment.

*Id.* at 411 n.25. In affirming the dismissal of a prior version of the indictment that charged the defendant with "testif[ying] falsely when he said 'that he had never been a sympathizer or any other kind of promoter of Communism or Communist interests," the D.C. Circuit Court also rejected the government's argument that, although "sympathizer" was ambiguous, "promoter" was not and therefore saved the indictment. *United States v. Lattimore*, 215 F.2d 847, 850 (D.C. Cir. 1954). The circuit court explained that "the presence of the uncertain word is sufficient to destroy the count." *Id.*

*Lattimore* is analogous to this case. The words "connection," "any foreign government," or "Chinese Communist Party organization" in Mr. Wang's Indictment are just as vague as the

phrase "follower of the Communist line" in *Lattimore*. They too are "subject to varying interpretations" and "ha[ve] no universally accepted definition." *Lattimore*, 127 F. Supp. at 409. Whether a person has a "connection to any foreign government" may or may not be understood to extend to a friend's, family's, or employer's relationship with a foreign government. One may have a connection to a foreign government simply for having been born in a foreign country or have a connection to a foreign government because a distant relative once worked for a foreign government. And, on the other end of the spectrum, "connection to any foreign government" could be understood to relate only to that individual's own current relationship with a foreign government. And the term "organization" in the phrase "Chine Community Party organization" is unspecific as to the degree of formality of the "organization," the nature of its relationship to the Chinese Communist Party, and whether it requires formal acknowledgement by the Chinese Community Party.

Given the various meanings that can be attributed to the words in the Indictment, the Indictment is fundamentally ambiguous and would require a jury to speculate as to how the defendant understood the questions being posed. Even if the Court disagrees that one of the phrases or words used in the Indictment can be interpreted in multiple ways, so long as there is a phrase or word in the one-count Indictment that is ambiguous, the count must be dismissed. *Lattimore*, 215 F.2d at 850. A bill of particulars cannot remedy the ambiguity intrinsic in the Indictment.

It is well settled that "broadening the scope of the indictment to permit conviction based on conduct other than that alleged . . . destroy[s] [a] defendant's substantial right to be tried only on charges presented in an indictment returned by a grand jury." *United States v. Bishop*, No. 07-cr-11-Orl-28KRS, 2008 WL 4080218, at *4 (M.D. Fla. Aug. 28, 2008) (citing *Stirone v. United States*, 361 U.S. 212, 217 (1960)); *see also United States v. Hoover*, 467 F.3d 496, 502 (5th Cir.

2006) ("when the government chooses to specifically charge the manner in which the defendant's statement is false, the government should be required to prove that it is untruthful for that reason"). The Indictment specifically states that Mr. Wang "falsely represented that he had no connection to any foreign government and was not a member of any Chinese Communist Party organization." The Indictment's terms make it clear that the government asked Mr. Wang if he (1) had a connection to any foreign government, and (2) was a member of a Chinese communist party organization. Both questions are fundamentally ambiguous. And because the government is confined to the scope of the indictment in this case, it is clear that the charge cannot possibly sustain a conviction under § 1001.

## IV.     CONCLUSION

Mr. Wang's Indictment is void for vagueness under the Sixth Amendment and should be dismissed. The Indictment's ambiguous terms can be subject to multiple different meanings rendering it fundamentally ambiguous and incapable of supporting a criminal charge.

## CERTIFICATE OF CONFERRAL

Undersigned counsel conferred with government counsel, AUSA Ajay Alexander, on March 11, 2024, and was advised that the government objects to the requested relief.

Respectfully submitted,

**AXS LAW GROUP, PLLC**
2121 NW 2nd Avenue, Suite 201
Miami, FL 33127
Tel: 305.297.1878
By: /s/ Rossana Arteaga-Gomez
Rossana Arteaga-Gomez
Florida Bar No. 14932
rossana@axslawgroup.com
eservice@axslawgroup.com
*Counsel for Defendant Chengzhe Wang*